# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID GONZALES,

    Plaintiff

v.

FPI MANAGEMENT, INC., et al.,

    Defendants

Case No.: 3:24-cv-00361-ART-CSD

**Order**

    The court held a case management conference on January 23, 2025, and among other things, issued discovery plan and scheduling order deadlines. Amended pleadings were due by March 4, 2025. Discovery was set to close on June 2, 2025. Dispositive motions were to be filed by July 2, 2025. The joint pretrial order was to be filed by August 1, 2025, or 30 days after a decision on a dispositive motion. (ECF No. 33.)

    On March 4, 2025, Plaintiff filed a motion for leave to amend and proposed amended complaint. (ECF Nos. 38, 39.) Defendants did not oppose the motion for leave to amend.

    No dispositive motions were filed.

    On July 2, 2025, the court granted Plaintiff's motion for leave to amend, and ordered that Defendants answer or otherwise respond to the amended complaint by July 23, 2025. (ECF No. 43.)

    Defendants timely answered the amended complaint. (ECF Nos. 44, 45.)

    As noted above, no dispositive motions were filed, and the parties have not filed a joint pretrial order. Nor has any party sought an extension of the existing scheduling order deadlines.

# CONCLUSION

On or before **September 30, 2025**, the parties shall file a status report, limited to five pages in length, that addresses the following:

(1) Whether discovery has been completed. If discovery has not been completed, identify what discovery has been completed to date, what discovery remains to be completed, and why discovery has not been completed at this point. Excusable neglect must be demonstrated to justify an extension of the discovery cutoff at this juncture.

(2) Whether any party anticipates filing a dispositive motion, and if so, explain why a dispositive motion was not previously filed. Excusable neglect must be demonstrated to justify an extension of the dispositive motions deadline at this juncture.

(3) Whether any party is requesting an extension of any other expired discovery plan and scheduling order deadline, and if so, demonstrating excusable neglect as to why the deadline should be extended.

(4) Whether the parties are amenable to proceeding to a court sponsored settlement conference.

(5) Proposed deadlines for any deadline that a party seeks to extend.

**IT IS SO ORDERED**.

Dated: September 23, 2025

_____
Craig S. Denney
United States Magistrate Judge